UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOMINIQUE DEANGELO DARDEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:25-CV-00961 HEA |
| ) | |
| TERI VANDERGRIFF, et al., ) | |
| ) | |
| Respondents. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented petitioner Dominique Darden's petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] For the following reasons, the Court finds that petitioner's claim is not cognizable in a federal habeas proceeding and will deny and dismiss the petition.

**Standard on Initial Review**

On initial review, the court may summarily dismiss a § 2241 petition without ordering a response if "it appears from the application [for a writ of habeas corpus] that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. For the reasons discussed below, summary dismissal is appropriate in this case.

**Factual and Procedural Background**

Petitioner Dominique Darden, an inmate at Farmington Correctional Center (FCC) alleges that he is being detained in the custody of the Missouri Department of Corrections (MDOC) past his release date. Petitioner has an extensive criminal history—dating back to 2007 and involving

---

[1] Habeas corpus actions brought pursuant to 28 U.S.C. § 2241 relate to the execution of a petitioner's sentence, whereas habeas action brought pursuant to 28 U.S.C. § 2254 attack the validity of the petitioner's sentence.

both state and federal court. An understanding of some of this history provides insight into petitioner's confusion about his expected release date and calculation of his time served.

The Court will not detail all of petitioner's past charges and sentences but will discuss those relevant to the allegations of the instant petition. Based on an independent review of petitioner's state court proceedings on Missouri Case.net, the State of Missouri's online docketing system, it appears that petitioner faced separate firearm charges in both St. Louis City and St. Louis County in 2020 and 2021.

On September 5, 2020, petitioner was charged in the Circuit Court of the City of St. Louis with unlawful possession of a firearm. *State v. Darden*, No. 2022-CR01542 (22nd Jud. Cir., filed Sept. 5, 2020). Over the next few years, there were multiple attempts to get petitioner to wear a GPS monitor while on bond, and multiple instances of petitioner failing to appear for hearings. Eventually, in early 2022, after petitioner was arrested in Washington state, the Missouri state court issued a governor's warrant and petitioner was returned to Missouri. However, a state court judge ordered an evaluation of petitioner's mental capacity and in April 2023, based on a psychiatric evaluation, the state court found that petitioner lacked the mental fitness to proceed in his criminal matter and suspended his case. Petitioner was committed to the custody of the Department of Mental Health (DMH) for care and treatment until June 2024 when the state court ordered his criminal case resume. On August 19, 2024, petitioner pleaded guilty and was sentenced to two years. However, he was given credit for 845 days of time served so his sentence was deemed satisfied.

Nevertheless, at the time of the issuance of that sentence, petitioner had multiple other charges pending against him. For example, on November 18, 2021, petitioner was arrested on a charge of unlawful possession of a firearm, issued by the Circuit Court of St. Louis County. *State v. Darden*, No. 21SL-CR05238 (21st Jud. Cir., filed Nov. 18, 2021). After being held for just a

few days (from November 18 to December 3, 2021) on this charge, petitioner was released. But when petitioner failed to appear for an April 2022 hearing, a warrant was issued for his arrest on May 16, 2022. That warrant was served on petitioner over two years later, on August 26, 2024, after he was sentenced on time served in the St. Louis City firearm case. A few days later, on August 30, 2024, petitioner pleaded guilty to this charge and was sentenced to two years with MDOC. A handwritten notation on the Judgment that issued in the case ordering that sentence states: "the defendant shall receive credit for time served. By defense calculations, defendant has served 1,015 days."

It appears that petitioner was not immediately taken into DOC custody after that August 30th sentencing because he had other pending criminal charges. On November 7, 2024, petitioner pleaded guilty in three separate criminal cases. *See State v. Darden*, No. 22SL-CR04077-01 (22nd Jud. Cir., filed May 17, 2022) (two counts felony stealing); *State v. Darden*, No. 21SL-CR01132-01 (21st Jud. Cir., filed Mar. 8, 2021) (possession of controlled substance); *State v. Darden*, No. 22SL-CR03581-01 (22nd Jud. Cir., filed May 5, 2022) (third-degree assault). On all these charges, petitioner received sixty (60) day sentences, to run concurrently, with credit for sixty (60) days of time served. Since these sentences were completed, it appears that petitioner was then transferred to DOC custody to serve the two (2) year sentence on the St. Louis County firearm charge.

As he argued in his civil rights action previously filed in this Court, *Darden v. Hooker, et al.*, 4:25-cv-14 NCC (E.D.Mo.),[2] petitioner asserts that he is being unlawfully detained past his release date. He alleges that his continued unlawful detention violates his due process rights, and he seeks both immediate release and an award of punitive damages. Plaintiff admits that he was sentenced to two (2) years with MDOC in Case No. 21SL-CR05238-01 (the St. Louis County

---

[2] The Honorable Audrey G. Fleissig denied and dismissed petitioner's civil rights action on May 15, 2025, as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915.

firearm case), but he argues that he has already been confined for 1,015 days, so he should be released on time served. In his application for writ of habeas corpus, petitioner asserts that the jail time credits have been calculated incorrectly. He has attached several exhibits in support of his claims.[3] It appears that sometime in late 2024, petitioner requested a calculation of his jail time credit from St. Louis County. St. Louis County completed a Jail Time Endorsement on November 13, 2024, stating that as of that date, petitioner had credit for 97 days of time served on his sentence from the St. Louis County firearm case. In addition, petitioner has attached a copy of his MDOC Face Sheet, indicating that his mandatory release date is "12/06/2025" and his time credit release date is "08/06/2025."

## Discussion

Petitioner Dominique Darden, a Missouri state prisoner currently incarcerated at Farmington Correctional Center, filed this application for writ pursuant to 28 U.S.C. § 2241 challenging the Missouri Department of Corrections' (MDOC) appropriation of jail time credits to his sentence under Missouri Revised Statute § 558.031. In his motion, petitioner states that he is entitled to jail time credit arising out of the MDOC's miscalculation of his sentences in his state court criminal cases. He seeks to have this time credited as time served. Petitioner also seeks punitive damages, which are unavailable in a habeas proceeding.

Having carefully reviewed the petition and the underlying record, the Court concludes petitioner's claim is not cognizable in a federal habeas proceeding because it requires consideration of Missouri's jail time credit statutory provisions, Missouri Revised Statute § 538.031. *See Travis*

---

[3] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

*v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991) (finding petitioner's claim for jail time credit under a state statute was "a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction"); *Collar v. Minor*, No. 4:12-CV-602-TCM, 2015 WL 2145254, *4 (E.D. Mo. May 7, 2015) (finding petitioner's claim for jail time credit under Mo. Rev. Stat. § 558.031 not cognizable in a federal habeas proceeding). A federal court does not have jurisdiction to issue a writ of habeas corpus to a person in state custody unless the inmate "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The instant petition challenges how the MDOC calculates petitioner's jail time credit under Missouri Revised Statute § 558.031. As a result, petitioner's claim for relief is not cognizable, and the Court will summarily dismiss the petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED AND DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 2nd day of July, 2025.

                                                  HENRY EDWARD AUTREY
                                              UNITED STATES DISTRICT JUDGE